**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EAGLE COUNTY, COLORADO,<br><br>                      Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.<br><br>                      Defendants. | Civil Action<br>No. 1:26-cv-01039-TNM<br><br>Hon. Trevor N. McFadden |

**DEFENDANTS' ANSWER**

Defendants U.S. Department of the Interior ("Interior") and the U.S. Bureau of Land Management ("BLM") (collectively, "Defendants"), through counsel, answer Plaintiff Eagle County, Colorado's Complaint, Dkt. No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

**INTRODUCTION**

1.      Defendants admit the allegations in the first sentence of Paragraph 1. Defendants deny the allegations in the second sentence of Paragraph 1.

2.      Defendants admit the allegation that Eagle County and others submitted comments to BLM. Those comments speak for themselves and are the best evidence of their

contents; to the extent the allegations in Paragraph 2 are inconsistent with the referenced documents, they are denied.

3.      The first sentence of Paragraph 3 characterizes a BLM response to Plaintiff. That communication speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied. Defendants admit the allegations in the second sentence of Paragraph 3. The allegations in the third sentence of Paragraph 3 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

4.      Defendants deny the allegations in the first sentence of Paragraph 4. Defendants admit the allegations in the second sentence of Paragraph 4.

5.      Defendants admit the allegation that BLM authorized the expansion of the Wildcat Facility without formally soliciting public comment as part of the environmental review process under the National Environmental Policy Act (NEPA). Defendants deny the remaining allegations in the first and second sentences of Paragraph 5. The allegations in the third sentence of Paragraph 5 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. The first, second, and third sentences of Footnote 1 to Paragraph 5 describe and quote from an Interior interim final rule issued July 3, 2025, and an Interior final rule, issued February 24, 2026. Those rules speak for themselves and are the best evidence of their contents; to the extent the allegations in Footnote 1 to Paragraph 5 are inconsistent with the referenced documents, they are denied. Defendants admit the allegations in the fourth sentence of Footnote 1 to Paragraph 5.

6.      The allegations in Paragraph 6 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

7.      Defendants deny the allegations in Paragraph 7.

8.      Paragraph 8 characterizes and quotes from an Interior regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 8 are inconsistent with the referenced document, they are denied.

9.      The allegations in Paragraph 9 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

10.     Defendants deny the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

12.     The allegations in Paragraph 12 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. Footnote 2 to Paragraph 12 is a statement explaining the content and organization of Plaintiff's complaint to which no response is required.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

14.     The allegations in Paragraph 14 are conclusions of law to which no response is required.

15.     Defendants admit the allegations in Paragraph 15.

16.     Paragraph 16 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit only that this Court has jurisdiction subject to the terms and limitations of the Freedom of Information Act (FOIA).

17.     Paragraph 17 consists of legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants admit venue is proper in this District for a properly pled FOIA action.

**PARTIES**

18.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28. Paragraph 28 characterizes a court decision. That decision speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 28 are inconsistent with the referenced document, they are denied.

29. The allegations in Paragraph 29 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

30. Defendants admit that Eagle County submitted comments to BLM. Those comments speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 30 are inconsistent with the referenced document, they are denied.

31. Defendants admit that BLM responded to several comments in 2023, including comments from Eagle County, and that in so responding, BLM assumed an environmental review that included an opportunity for public review and comment would be conducted for the project. Defendants' particular response to Eagle County speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 31 are inconsistent with the referenced document, they are denied.

32. Defendants admit that the review process for the proposed expansion of the Wildcat Facility fell dormant for a time until the spring of 2025. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and deny them on that basis.

33.     Defendants admit that Eagle County submitted comments to BLM. Those comments speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 33 are inconsistent with the referenced document, they are denied.

34.     Defendants admit that it did not notify Plaintiff of an opportunity for public comment and admit that BLM never responded to Plaintiff's unsolicited comments. Defendants deny the remaining allegations in Paragraph 34.

35.     The allegations in the first sentence of Paragraph 35 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. Defendants deny the allegations in the second sentence of Paragraph 35.

36.     Defendants deny the allegations in the first, second, and fifth sentences of Paragraph 36. Defendants admit the allegations in the third and fourth sentences of Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in the first and third sentences of Paragraph 39 pertaining to Plaintiff's alleged harm. The remaining allegations in the first sentence of Paragraph 39 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. The second sentence of Paragraph 39 characterizes the Alternative Arrangements. That policy speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 39 are inconsistent with the referenced document, they are denied.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that BLM received from Plaintiff a FOIA request seeking records regarding BLM's authorization of the Wildcat Facility Expansion. Defendants further admit that BLM has yet to issue a final determination on Plaintiff's request. The remainder of the second sentence of Paragraph 42 contains conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 42.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendant admits the allegations in Paragraph 46.

## LEGAL BACKGROUND

47.     Defendants admit the allegations in the first sentence of Paragraph 47.  The second sentence of Paragraph 47 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 47 are inconsistent with the referenced document, they are denied.

48.     Paragraph 48 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 48 are inconsistent with the referenced document, they are denied.

49.     Paragraph 49 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 49 are inconsistent with the referenced document, they are denied.

50.     Paragraph 50 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 50 are inconsistent with the referenced document, they are denied.

51.     Defendants deny the allegations in Paragraph 51 to the extent that they imply that 43 C.F.R. § 46.305(a) is a "FLPMA regulation[]." The remaining allegations in Paragraph 51 characterize and quote from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 51 are inconsistent with the referenced document, they are denied.

52.     Paragraph 52 characterizes and quotes from a federal regulation and court decision. That regulation and court decision speaks for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 52 are inconsistent with the referenced documents, they are denied.

53.     Paragraph 53 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 53 are inconsistent with the referenced document, they are denied.

54.     Paragraph 54 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 54 are inconsistent with the referenced document, they are denied.

55.     Paragraph 55 characterizes and quotes from a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 55 are inconsistent with the referenced document, they are denied.

56.     Paragraph 56 characterizes and quotes from a federal statute and regulation. That statute and regulation speak for themselves and are the best evidence of their contents; to the

extent the allegations in Paragraph 56 are inconsistent with the referenced documents, they are denied.

57.     Paragraph 57 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 57 are inconsistent with the referenced document, they are denied.

58.     Paragraph 58 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 58 are inconsistent with the referenced document, they are denied.

59.     Paragraph 59 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 59 are inconsistent with the referenced document, they are denied.

60.     Paragraph 60 characterizes and quotes from federal court decisions and a federal statute. Those court decisions and that statute speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 60 are inconsistent with the referenced documents, they are denied.

61.     Paragraph 61 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 61 are inconsistent with the referenced document, they are denied.

62.     Paragraph 62 characterizes and quotes from federal court decisions. Those court decisions speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 62 are inconsistent with the referenced documents, they are denied.

63.     Paragraph 63 characterizes and quotes from federal court decisions. Those court decisions speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 63 are inconsistent with the referenced documents, they are denied.

64.     Paragraph 64 characterizes and quotes from federal court decisions. Those court decisions speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 64 are inconsistent with the referenced documents, they are denied.

65.     Paragraph 65 characterizes a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 65 are inconsistent with the referenced document, they are denied.

66.     Paragraph 66 characterizes a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 66 are inconsistent with the referenced document, they are denied.

67.     Paragraph 67 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 67 are inconsistent with the referenced document, they are denied.

68.     Paragraph 68 characterizes a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 68 are inconsistent with the referenced document, they are denied.

69.     Paragraph 69 characterizes and quotes from a federal rulemaking document. That rulemaking document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 69 are inconsistent with the referenced document, they are denied.

70. Paragraph 70 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 70 are inconsistent with the referenced document, they are denied.

71. Paragraph 71 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 71 are inconsistent with the referenced document, they are denied.

72. Paragraph 72 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 72 are inconsistent with the referenced document, they are denied.

73. Paragraph 73 characterizes a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 73 are inconsistent with the referenced document, they are denied.

74. Paragraph 74 characterizes and quotes from a federal executive order. That executive order speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 74 are inconsistent with the referenced document, they are denied.

75. Paragraph 75 characterizes and quotes from a federal executive order. That executive order speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 75 are inconsistent with the referenced document, they are denied.

76. Paragraph 76 characterizes and quotes from a federal executive order. That executive order speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 76 are inconsistent with the referenced document, they are denied.

77. Paragraph 77 characterizes a U.S. Energy Information Administration report. That report speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 77 are inconsistent with the referenced document, they are denied.

78. Paragraph 78 characterizes and quotes from a federal agency press release. That press release speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 78 are inconsistent with the referenced document, they are denied.

79. Paragraph 79 characterizes a federal agency press release. That press release speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 79 are inconsistent with the referenced document, they are denied.

80. Defendants admit the allegations in Paragraph 80.

81. Defendants admit the allegations in Paragraph 81.

82. Defendants admit the allegation in Paragraph 82 that the Alternative Arrangements were not published in the *Federal Register* thirty days before they went into effect. The remaining allegations in Paragraph 82 characterize a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 82 are inconsistent with the referenced document, they are denied.

83. Paragraph 83 characterizes and quotes from a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 83 are inconsistent with the referenced document, they are denied.

84. Paragraph 84 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 84 are inconsistent with the referenced document, they are denied.

85.     Paragraph 85 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 85 are inconsistent with the referenced document, they are denied.

86.     Paragraph 86 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 86 are inconsistent with the referenced document, they are denied.

87.     Paragraph 87 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 87 are inconsistent with the referenced document, they are denied.

88.     Paragraph 88 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 88 are inconsistent with the referenced document, they are denied.

89.     Paragraph 89 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 89 are inconsistent with the referenced document, they are denied.

90.     Paragraph 90 characterizes and quotes from a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 90 are inconsistent with the referenced document, they are denied.

91.     Paragraph 91 characterizes and quotes from a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 91 are inconsistent with the referenced document, they are denied.

92. Paragraph 92 characterizes and quotes from a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 92 are inconsistent with the referenced document, they are denied.

93. Paragraph 93 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 93 are inconsistent with the referenced document, they are denied.

94. Paragraph 94 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 94 are inconsistent with the referenced document, they are denied.

95. Paragraph 95 characterizes and quotes from a comment letter from Earthjustice. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 95 are inconsistent with the referenced document, they are denied. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and deny them on that basis.

96. Paragraph 96 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 96 are inconsistent with the referenced document, they are denied.

97. Paragraph 97 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 97 are inconsistent with the referenced document, they are denied.

98. Paragraph 98 characterizes and quotes from a federal court decision. That court decision speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 98 are inconsistent with the referenced document, they are denied.

99.     Paragraph 99 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 99 are inconsistent with the referenced document, they are denied.

100.    Paragraph 100 characterizes federal court decisions. Those court decisions speaks for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 100 are inconsistent with the referenced documents, they are denied.

101.    Paragraph 101 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 101 are inconsistent with the referenced document, they are denied.

102.    Paragraph 102 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 102 are inconsistent with the referenced document, they are denied.

103.    Paragraph 103 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 103 are inconsistent with the referenced document, they are denied.

104.    Paragraph 104 characterizes a federal court decision. That court decision speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 104 are inconsistent with the referenced document, they are denied.

105.    Paragraph 105 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 105 are inconsistent with the referenced document, they are denied.

106.    Paragraph 106 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 106 are inconsistent with the referenced document, they are denied.

107.    Paragraph 107 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 107 are inconsistent with the referenced document, they are denied.

108.    Paragraph 108 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 108 are inconsistent with the referenced document, they are denied.

109.    Paragraph 109 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 109 are inconsistent with the referenced document, they are denied.

## FACTUAL BACKGROUND

110.    The allegations in Paragraph 110 characterize an environmental assessment and a BLM document, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

111.    The allegations in Paragraph 111 characterize an environmental assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied.

112.    The allegations in Paragraph 112 characterize Coal Energy Group 2, LLC documents, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

113.    The allegations in Paragraph 113 characterize an environmental assessment and a report, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

114.    The allegations in Paragraph 114 characterize an environmental assessment and a legal opinion, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

115.    The allegations in Paragraph 115 characterize an environmental assessment and a legal opinion, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

116.    The allegations in Paragraph 116 characterize an environmental assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied.

117.    Paragraph 117 characterizes a Coal Energy presentation and an EIS prepared by STB. That presentation and EIS speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 117 are inconsistent with the referenced documents, they are denied.

118.    Paragraph 118 characterizes a comment letter from Eagle County. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 118 are inconsistent with the referenced document, they are denied.

119.    The first sentence of Paragraph 119 characterizes a comment letter from Eagle County. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 119 are inconsistent with the referenced document, they are denied. The second sentence and Footnote 7 of Paragraph 119 characterize a website.

That website speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 119 are inconsistent with the referenced document, they are denied. The second sentence of Paragraph 119 characterizes an academic paper. That paper speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 119 are inconsistent with the referenced document, they are denied.

120.    The allegations in Paragraph 120 characterize BLM documents, which speaks for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

121.    The first sentence of Paragraph 121 characterizes and quotes from a BLM webpage. That webpage speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 121 are inconsistent with the referenced document, they are denied. Defendants admit the allegations in the second sentence of Paragraph 121.

122.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 122 and deny them on that basis. The second sentence of Paragraph 122 characterizes a federal court consent decree. That consent decree is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 122 are inconsistent with the referenced document, they are denied.

123.    Defendants admit the allegations in the first sentence of Paragraph 123. The second sentence of Paragraph 123 characterizes federal statutes. Those statutes speak for themselves and are the best evidence of their contents; to the extent the allegations in the second sentence of Paragraph 123 are inconsistent with the referenced federal law, they are denied.

124.    The allegations in Paragraph 124 characterize an environmental assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied.

125.    The allegations in Paragraph 125 characterize two environmental assessments, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, they are denied.

126.    The allegations in Paragraph 126 characterize an environmental assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied.

127.    Defendants admit that the 2014 right-of-way amendment authorized oil transloading at the Wildcat Facility for the first time. That right-of-way amendment speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 127 are inconsistent with the referenced document, they are denied. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 and deny them on that basis.

128.    Defendants admit the allegations in the first sentence of Paragraph 128. The second sentence of Paragraph 128 characterizes and quotes from an environmental assessment (EA) prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 128 are inconsistent with the referenced document, they are denied.

129.    Paragraph 129 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 128 are inconsistent with the referenced document, they are denied.

130.    Paragraph 130 characterizes comment letters from "[s]everal Utah conservation organizations." Those comment letters speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 131 are inconsistent with the referenced documents, they are denied.

131.    Paragraph 131 characterizes and quotes from a U.S. Environmental Protection Agency comment letter. That comment letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 131 are inconsistent with the referenced document, they are denied.

132.    Paragraph 132 characterizes a decision of the Interior Board of Land Appeals. That decision speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 132 are inconsistent with the referenced document, they are denied. Defendants admit the remaining allegations in paragraph 132.

133.    Defendants admit the allegations in the first sentence of Paragraph 133. The second sentence of Paragraph 133 characterizes and quotes from Coal Energy's right-of-way amendment application. That application speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 133 are inconsistent with the referenced document, they are denied.

134.    Paragraph 134 characterizes and quotes from a Coal Energy presentation. That presentation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 134 are inconsistent with the referenced document, they are denied.

135.    Paragraph 135 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 135 are inconsistent with the referenced document, they are denied.

136.    Paragraph 136 characterizes and quotes from a Coal Energy presentation. That presentation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 136 are inconsistent with the referenced document, they are denied.

137.    Paragraph 137 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 137 are inconsistent with the referenced document, they are denied.

138.    Defendants admit the allegation in the first sentence of Paragraph 138 that BLM began preparing an EA in 2023 to assess the proposed expansion of the Wildcat Facility. Defendants deny the allegation in the first sentence of Paragraph 138 that BLM "determined the environmental assessment required public notice and comment." The second sentence of Paragraph 138 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 138 are inconsistent with the referenced document, they are denied.

139.    Paragraph 139 characterizes an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 139 are inconsistent with the referenced document, they are denied.

140.    Paragraph 140 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 140 are inconsistent with the referenced document, they are denied.

141.    Paragraph 141 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 141 are inconsistent with the referenced document, they are denied.

142.    Paragraph 142 characterizes an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 142 are inconsistent with the referenced document, they are denied.

143.    Paragraph 143 characterizes an environmental impact statement (EIS) prepared by the Surface Transportation Board (STB). That EIS speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 143 are inconsistent with the referenced document, they are denied.

144.    Paragraph 144 characterizes an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 142 are inconsistent with the referenced document, they are denied.

145.    Defendants admit the allegations in the first sentence of Paragraph 145. The second sentence of Paragraph 145 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 145 are inconsistent with the referenced document, they are denied.

146.    Paragraph 146 characterizes and quotes from an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 146 are inconsistent with the referenced document, they are denied.

147.    Paragraph 147 characterizes an email exchange. That exchange speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 147 are inconsistent with the referenced document, they are denied.

148.    Paragraph 148 characterizes various comment letters submitted to the BLM. Those letters speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 148 are inconsistent with the referenced documents, they are denied.

149. Defendants admit the allegations in Paragraph 149.

150. Paragraph 150 characterizes and quotes from a notice posted by BLM. That notice speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 150 are inconsistent with the referenced document, they are denied.

151. The allegations in Paragraph 151 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

152. Defendants admit the allegations in Paragraph 152.

153. Paragraph 153 characterizes and quotes from a notice posted by BLM. That notice speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 153 are inconsistent with the referenced document, they are denied.

154. Defendants admit the allegations in Paragraph 154.

155. Paragraph 155 characterizes and quotes from a notice posted by BLM. That notice speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 155 are inconsistent with the referenced document, they are denied.

156. Defendants admit the allegation that Eagle County and other parties submitted letters to BLM. Paragraph 156 characterizes those letters, which speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 156 are inconsistent with the referenced documents, they are denied. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and deny them on that basis.

157. Paragraph 157 characterizes a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 157 are inconsistent with the referenced document, they are denied.

158. Paragraph 158 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 158 are inconsistent with the referenced document, they are denied.

159. Paragraph 159 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 159 are inconsistent with the referenced document, they are denied.

160. Paragraph 160 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 160 are inconsistent with the referenced document, they are denied.

161. Paragraph 161 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 161 are inconsistent with the referenced document, they are denied.

162. Paragraph 162 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 162 are inconsistent with the referenced document, they are denied.

163. Paragraph 163 characterizes and quotes from a comment letter submitted to BLM. That letter speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 163 are inconsistent with the referenced document, they are denied.

164. Defendants admit the allegations in Paragraph 164.

165.    Paragraph 165 characterizes and quotes from a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 165 are inconsistent with the referenced document, they are denied.

166.    The allegations in the first sentence of Paragraph 166 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. The second sentence of Paragraph 166 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 166 are inconsistent with the referenced document, they are denied.

167.    Paragraph 167 characterizes an EA and Decision Record prepared by BLM. That EA and Decision Record speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 167 are inconsistent with the referenced documents, they are denied.

168.    Paragraph 168 characterizes and quotes from a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 168 are inconsistent with the referenced document, they are denied.

169.    Paragraph 169 characterizes and quotes from a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 169 are inconsistent with the referenced document, they are denied.

170.    Paragraph 170, including Footnote 10, characterizes and quotes from an EA and Decision Record prepared by BLM. That EA and Decision Record speak for themselves and are the best evidence of their contents; to the extent the allegations in the second sentence of Paragraph 170 are inconsistent with the referenced documents, they are denied.

171.    Defendants deny the allegations in Paragraph 171, including Footnote 11.

172.    Paragraph 172 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 172 are inconsistent with the referenced document, they are denied.

173.    Paragraph 173 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 173 are inconsistent with the referenced document, they are denied.

174.    Paragraph 174 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 174 are inconsistent with the referenced document, they are denied.

175.    Paragraph 175 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 175 are inconsistent with the referenced document, they are denied.

176.    Paragraph 176 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 176 are inconsistent with the referenced document, they are denied.

177.    Paragraph 177 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 177 are inconsistent with the referenced document, they are denied.

178.    Paragraph 178 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 178 are inconsistent with the referenced document, they are denied.

179.    Paragraph 179 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 179 are inconsistent with the referenced document, they are denied.

180.    Paragraph 180 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 180 are inconsistent with the referenced document, they are denied.

181.    Defendants admit the allegations in the first sentence of Paragraph 181. The second sentence of Paragraph 181 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 181 are inconsistent with the referenced document, they are denied.

182.    Paragraph 182 characterizes and quotes from an EIS prepared by STB. That EIS speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 182 are inconsistent with the referenced document, they are denied.

183.    Paragraph 183 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 183 are inconsistent with the referenced document, they are denied.

184.    The allegations in Paragraph 184 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

185.    Paragraph 185 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 185 are inconsistent with the referenced document, they are denied.

186.    Defendants admit the allegations in Paragraph 186.

187.    Paragraph 187 characterizes a report prepared by the Pipeline and Hazardous Materials Safety Administration (PHMSA). That report speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 187 are inconsistent with the referenced document, they are denied.

188.    Paragraph 188 characterizes a report prepared by PHMSA. That report speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 188 are inconsistent with the referenced document, they are denied.

189.    Defendants admit the allegations in Paragraph 189.

190.    Paragraph 190 characterizes and quotes from a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 190 are inconsistent with the referenced document, they are denied.

191.    Paragraph 191 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 191 are inconsistent with the referenced document, they are denied.

192.    Paragraph 192 characterizes an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 192 are inconsistent with the referenced document, they are denied.

193.    Paragraph 193 characterizes a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 193 are inconsistent with the referenced document, they are denied.

194.    Paragraph 194 characterizes a federal statute and provision of the Utah Code. Those laws speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 194 are inconsistent with the referenced documents, they are denied.

195.    Defendants admit the allegations in Paragraph 195.

196.    Paragraph 196 characterizes and quotes from an EA prepared by BLM. That EA speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 196 are inconsistent with the referenced document, they are denied.

197.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 and deny them on that basis.

198.    Paragraph 198 characterizes a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 193 are inconsistent with the referenced document, they are denied.

199.    The allegations in Paragraph 199 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations.

200.    Defendants admit that BLM received from Plaintiff a FOIA request, dated September 24, 2025. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

201.    Defendants admit that Plaintiff sought a waiver of fees associated with the request.

202.    Defendants admit that BLM acknowledged receipt of the request on September 30, 2025. The remainder of the paragraph consists of Plaintiff's characterization of BLM's acknowledgment, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

203.    Paragraph 203 consists of Plaintiff's characterization of BLM's acknowledgment, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

204.    Defendants admit that Plaintiff's counsel emailed BLM on or around December 15, 2025. Defendants further admit that BLM responded to Plaintiff's email on or around December 19, 2025. The remainder of Paragraph 204 consists of Plaintiff's characterization of those communications, to which no response is required. Those communications speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to those communications for a full and accurate statement of their contents and deny all allegations inconsistent therewith.

205.    Defendants admit that BLM emailed Plaintiff's counsel on or around March 19, 2026. The remainder of Paragraph 205 consists of Plaintiff's characterization of that communication, to which no response is required. The communication speaks for itself and is the

best evidence of its contents. Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

206.    Paragraph 206 consists of Plaintiff's characterization of BLM's March 19, 2026, communication, to which no response is required. The communication speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

207.    Paragraph 207 consists of Plaintiff's characterization of BLM's March 19, 2026, communication, to which no response is required. The communication speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

208.    Paragraph 208 consists of Plaintiff's characterization of BLM's March 19, 2026, and December 19, 2026, communications, which speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to those communications for a full and accurate statement of their contents.

209.    The allegations in Paragraph 209 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

210.    Defendants admit that the Interior/BLM FOIA Public Access Link website identifies the status of Eagle County's FOIA Request as "Assigned" for processing and provides an estimated delivery date of July 10, 2026. The remainder of Paragraph 210 consists of Plaintiff's characterization of BLM's March 19, 2026, communication, to which no response is required. The communication speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents.

211.    The allegations in Paragraph 211 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

212.    Defendants admit the allegations in Paragraph 212.

213.    To the extent the allegations in Paragraph 213 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in Paragraph 213 are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

214.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 214.

### CLAIMS FOR RELIEF

215.    Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

216.    Paragraph 216 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 216 are inconsistent with the referenced document, they are denied.

217.    The allegations in Paragraph 217 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

218.    Paragraph 218 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 218 are inconsistent with the referenced document, they are denied.

219.    Paragraph 219 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 219 are inconsistent with the referenced document, they are denied.

220.    Paragraph 220 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 220 are inconsistent with the referenced document, they are denied.

221.    The first sentence of Paragraph 221 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 221 are inconsistent with the referenced document, they are denied. The allegations in the second sentence of Paragraph 221 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

222.    The allegations in Paragraph 222 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

223.    The allegations in Paragraph 223 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

224.    The allegations in Paragraph 224 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

225.    The allegations in Paragraph 225 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

228.     The allegations in Paragraph 228 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

229.     Paragraph 229 characterizes a federal agency guidance document. That guidance document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 229 are inconsistent with the referenced document, they are denied.

230.     The allegations in Paragraph 230 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

231.     The allegations in Paragraph 231 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

232.     The allegations in the first sentence of Paragraph 232 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations. The second sentence of Paragraph 232 characterizes and quotes from a federal rulemaking document. That rulemaking document speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 232 are inconsistent with the referenced document, they are denied.

233.     Paragraph 233 characterizes a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 233 are inconsistent with the referenced document, they are denied.

234.     The allegations in Paragraph 234 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

235.     The allegations in Paragraph 235 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

236.     Defendants deny the allegation in Paragraph 236 that "Interior provides no factual basis for its finding that an 'energy emergency' exists." The allegation in Paragraph 236 that "information before Interior contradicts its purported finding of an 'energy emergency'" is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny that allegation.

237.     The allegations in Paragraph 237 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

238.     Defendants deny the allegations in Paragraph 238.

239.     Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

240.     The allegations in Paragraph 240 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

241.     Paragraph 241 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 241 are inconsistent with the referenced document, they are denied.

242.     The first sentence of Paragraph 242 characterizes a Decision Record prepared by BLM. That Decision Record speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 242 are inconsistent with the referenced document, they are denied. The allegations in the second sentence of Paragraph 242 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

243.     The allegations in Paragraph 243 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

244.    The allegations in Paragraph 244 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

245.    Defendants deny the allegations in Paragraph 245.

246.    Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

247.    Paragraph 247 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 247 are inconsistent with the referenced document, they are denied.

248.    Paragraph 248 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 248 are inconsistent with the referenced document, they are denied.

249.    The allegations in Paragraph 249 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

250.    The allegations in Paragraph 250 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

251.    The allegations in Paragraph 251 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

252.    The allegations in Paragraph 252 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

253.    The allegations in Paragraph 253 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

256.    The allegations in Paragraph 256 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

257.    The allegations in Paragraph 257 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

258.    The allegations in Paragraph 258 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

259.    The allegations in Paragraph 259 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

260.    The allegations in Paragraph 260 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

261.    The allegations in Paragraph 261 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

262.    The allegations in Paragraph 262 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

263.    The allegations in Paragraph 263 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

264.    The allegations in Paragraph 264 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

265.    The allegations in Paragraph 265 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations

266.    The allegations in Paragraph 266 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

267.    The allegations in Paragraph 267 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

268.    The allegations in Paragraph 268 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

269.    The allegations in Paragraph 269 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

270.    The allegations in Paragraph 270 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

271.    The allegations in Paragraph 271 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

272.    Defendants deny the allegations in Paragraph 272.

273.    Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

274.    The allegations in Paragraph 274 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

275.    Paragraph 275 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 275 are inconsistent with the referenced document, they are denied.

276.    Paragraph 276 characterizes a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 276 are inconsistent with the referenced document, they are denied.

277.    Paragraph 277 characterizes and quotes from a federal statute. That statute speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 277 are inconsistent with the referenced document, they are denied.

278.    Paragraph 278 characterizes and quotes from a federal regulation. That regulation speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 278 are inconsistent with the referenced document, they are denied.

279.    Paragraph 279 characterizes and quotes from a court decision. That decision speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 279 are inconsistent with the referenced document, they are denied.

280.    Defendants admit the allegations in Paragraph 280.

281.    Defendants admit the allegation in Paragraph 281 that BLM approved the Wildcat Facility Expansion on July 3, 2025. The remaining allegations in Paragraph 281 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

282.    Defendants admit the allegations in Paragraph 282.

283.   The allegations in Paragraph 283 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

284.   The allegations in Paragraph 284 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

285.   Defendants deny the allegations in Paragraph 285.

286.   Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

287.   The allegations in Paragraph 287 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

288.   The allegations in Paragraph 288 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

289.   The allegations in Paragraph 289 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

290.   The allegations in Paragraph 290 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

291.   The allegations in Paragraph 291 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

292.   The allegations in Paragraph 292 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

293.   The allegations in Paragraph 293 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

294.    The allegations in Paragraph 294 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

295.    The allegations in Paragraph 295 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny those allegations.

## RESPONSE TO PRAYER FOR RELIEF

The remaining Paragraphs of Plaintiff's Complaint set forth Plaintiff's prayer for relief and do not require a response. To the extent a response is necessary, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to state a claim for which relief can be granted.

2.  The court lacks jurisdiction over one or more of Plaintiff's claims.

3.  To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 4th day of May 2026,

ADAM R.F. GUSTAFSON

Principal Deputy Assistant Attorney General
Environmental & Natural Resource Division


/s/ *Luther L. Hajek*
LUTHER L. HAJEK
Trial Attorney (D.C. Bar: 467742)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., North Terrace, Suite 600
Denver, CO 80202
Tel: 303-241-0826 / Fax: 303-844-1350
E-mail: luke.hajek@usdoj.gov

JEANINE FERRIS PIRRO
United States Attorney

/s/ Sian Jones
SIAN JONES, D.C. Bar #1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)
*Attorneys for Federal Defendants*

42